**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP,<br><br>*Plaintiff*,<br><br>v.<br><br>ETHEREAL TECH PTE. LTD.,<br><br>*Defendant.* | Case No. 24-cv-03160 (MMG) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP ("Plaintiff") and Defendant Ethereal Tech Pte. Ltd. ("Defendant," and collectively with Plaintiff, "Parties"), having agreed to the following terms of this Stipulated Protective Order ("Protective Order"), and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of the above-captioned action ("this Proceeding"), it is therefore hereby:

**ORDERED** that any person subject to this Protective Order—including without limitation the Parties, their respective representatives, agents, employees, attorneys, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms, upon pain of contempt:

1.      Discovery in this Proceeding may involve the disclosure of confidential or sensitive information, including information concerning the past or current owners of claims in the bankruptcy cases proceeding before the U.S. Bankruptcy Court for the District of Delaware, *In re*

*FTX Trading LTD, et al.,* Case No. 22-11068 (JTD), sensitive non-public communications, sensitive internal communications and individuals' personal information, in the possession of Plaintiff, Defendant, and/or third parties.  Unrestricted disclosure of such information to a Party and/or other Non-parties may be damaging and prejudicial to the interests of the Producing Party, as defined below.  Accordingly, for at least these reasons, good cause exists for the entry of a Protective Order in this Proceeding.

2.      This Protective Order shall govern all "Discovery Material" (*i.e.*, information of any kind provided in discovery in this Proceeding), including, but not limited to, documents, things, discovery requests, responses to discovery requests, Court-ordered disclosures, deposition testimony, deposition transcripts, deposition video, hearing transcripts, expert reports, pleadings, dispositive motions, non-dispositive motions, and all other discovery taken, and filings made, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

3.      Each Party and any Non-party (each a "Producing Party") that produces to any other Party (each a "Receiving Party") any document, thing, material, or information pursuant to a discovery request (including subpoenas) propounded in this Proceeding (collectively, "Discovery Material") shall have the right to designate under this Protective Order that the Discovery Material contains "Confidential Information."  Confidential Information will be held and used by the Receiving Party solely in connection with this Proceeding.

4.      Any person subject to this Protective Order who receives from any other person any Discovery Material that is designated as "Confidential" pursuant to the terms of this Protective Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

5.      "Confidential Information" means sensitive and confidential information, including previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins); previously nondisclosed material relating to ownership or control of any non-public company; previously nondisclosed business plans, product development information, or marketing plans; personally identifiable information ("PII"); any other category of information hereinafter given confidential status by the Court; or any other confidential information of such a nature as to be protectable under Federal Rule of Civil Procedure 26(c).  No production or disclosure of Confidential Information under this Protective Order shall constitute a waiver or otherwise prejudice the right of the Producing Party to maintain the trade secret or proprietary status of any Confidential Information.

6.      The term "Attorneys' Eyes Only Confidential Information" shall constitute a subset of Confidential Information, and shall be subject to all other terms and conditions of this Protective Order governing the treatment of Confidential Information.  Materials can be designated "Attorneys' Eyes Only Confidential Information" only if the designating Party can show that the materials contain extremely sensitive trade secrets or commercial information that would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the designating Party.

7.      Confidential Information does not include any information that comes within the public domain through no fault of, or action by, Receiving Party or the persons permitted access to that information under this Protective Order.  Confidential Information does not include any information or material that is acquired by the Receiving Party from a third party having the right

3

to disclose such information or material; or was lawfully possessed by the Receiving Party prior to the parties' execution of this Protective Order.

8.      Confidential Information, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, indices, notes, and descriptions of such material, shall be held in confidence by the Receiving Party, shall be used only by persons permitted access to it under this Protective Order, and shall not be used for any purpose other than in connection with this Proceeding, any appeal therefrom, and remands thereto.  For example but without in any way limiting the foregoing, Confidential Information shall not be used for any research, development, financial purpose, commercial purpose, marketing purpose, business purpose, regulatory purpose, any other litigation not between any of the Parties, or any other competitive purpose except that it may be disclosed by a Receiving Party if required by law, court order, or regulatory process; provided, however, that promptly after receiving any request for disclosure of Confidential Information and prior to any disclosure of Confidential Information, the Receiving Party shall, if legally permitted, provide the Producing Party with written notice so that it may seek a protective order or other appropriate remedy, at the Producing Party's own (sole) expense.

9.      Any Party or Non-party may designate as "Confidential Information" all or any part of any Discovery Material produced and/or served by a Party or Non-party, or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, testimony adduced at depositions, and responses to requests for admission if such Discovery Material qualifies as such party's Confidential Information.

**I.      Designation Procedure for Confidential Information**

10.     Designation of a document or thing as Confidential Information by the Party or Non-party producing it shall be made by stamping it or otherwise clearly marking it with the

legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as reasonably appropriate when it is produced to the party seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. If an entire multi-page document is to be treated as Confidential Information, each page should be stamped as such. Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions that constitutes or contains Confidential Information shall be labeled or marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate by the Producing Party providing the response or testimony on a question-by-question or request-by-request basis. The legend shall not be placed in a manner that will interfere with legibility or audibility.

11.    The designation of material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party constitutes the representation of the Producing Party that it reasonably and in good faith believes that the designated material contains private personal information, trade secrets, confidential commercial information, or other commercially sensitive information that is not available to the public.

12.    Documents and things produced without a legend designating the material as Confidential shall not be subject to this Protective Order unless otherwise agreed by the Parties or ordered by the Court, or otherwise designated Confidential Information in accordance with the provisions of this Protective Order.

13.    Any material provided for inspection in this Proceeding is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Producing Party to the Receiving Party. After copies are delivered to the Receiving

Party, the information in such documents or things will be treated consistent with any legend produced on each document or thing.

14.     Deposition testimony taken in connection with this Proceeding will temporarily be designated as Confidential Information for up to thirty (30) calendar days from all Parties' receipt of a transcript of the deposition unless a different designation was made during the deposition. Within thirty (30) calendar days of such receipt, each Party (or, if relevant, Non-party) must confirm any or all portions of the transcript as Confidential Information, designating any such portions by page and line number.  After thirty (30) calendar days have elapsed, any portions of the transcript that have not been affirmatively designated as Confidential Information will cease to be treated as Confidential Information under this Protective Order.  In any event, a deponent may review the full transcript of his or her deposition at any time.  During a deposition, counsel for a Party or Non-party may designate an entire transcript as Confidential Information or may designate portions as Confidential Information.  The transcript of the designated confidential testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.  If a Party wishes to use deposition testimony that has been designated as Confidential Information in any paper filed with the Court or in open court, it must comply with the procedures discussed in Section VI.

15.     If at any time prior to the trial of this Proceeding, a Producing Party realizes that some portion(s) of Discovery Material that the Party previously produced without limitation should be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party may so designate by so apprising all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as specified under the terms of this Protective Order.

## II.    Access to Confidential Information

16.    Confidential Information may be disclosed only to the following Persons:

a.  Parties to the Proceeding;

b.  Outside Litigation Counsel retained by the Receiving Party as counsel for this Proceeding (defined as attorneys from firms that have entered a notice of appearance or obtained pro hac vice admission in this Proceeding, as well as necessary support personnel assisting such attorneys);

c.  Directors, officers, and employees of the Receiving Party who are assisting Outside Litigation Counsel in connection with this Proceeding;

d.  Independent litigation support service personnel, stenographers engaged to transcribe depositions conducted in this Proceeding, outside exhibit preparation companies, outside copying services, mock trial or focus group participants and personnel responsible for setting up and conducting such mock trials or focus groups, or production vendors retained by a party for litigation support with whom such outside counsel work in connection with this Proceeding and provided that such personnel are regularly engaged in the provision of such services;

e.  Outside consultants or experts that are assisting Outside Litigation Counsel ("Outside Experts"), including experts who may testify at trial, jury consultants, along with outside support personnel employed by said Outside Experts (as required for, and in relation to, said Outside Expert's work in this Proceeding) who are not current employees of any of the Parties in the litigation;

f.  The Court and Court personnel, as well as court reporters and their employees;

g.  Any mediator who is assigned to hear this matter, and their staff;

h.  Interpreters and translators for the sole purpose of recording, transcribing or translating testimony or documents relating to this Proceeding;

i.  Any person who prepared a particular document or thing, who is listed on the document as a sender, recipient, or carbon-copy recipient of the document, or who otherwise is or was eligible to have access to or knowledge of the Confidential Information disclosed in the particular document or thing in the regular course of business, but the disclosure of any Confidential Information shall be limited to the specific Confidential Information disclosed in the particular document or thing;

j.  Any present or former officer, director, or employee of the Producing Party;

k.  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first certified to be bound by this Protective Order; and,

l.  Any person to whom the Producing Party agrees Confidential Information may be disclosed.

17.    Notwithstanding the foregoing, Attorneys' Eyes Only Confidential Information may be disclosed only to the following Persons:

a.  Outside Litigation Counsel retained by the Receiving Party as counsel for this Proceeding (defined as attorneys from firms that have entered a notice

of appearance or obtained pro hac vice admission in this Proceeding, as well as necessary support personnel assisting such attorneys);

b. Independent litigation support service personnel, stenographers engaged to transcribe depositions conducted in this Proceeding, outside exhibit preparation companies, outside copying services, or production vendors retained by a party for litigation support with whom such outside counsel work in connection with this Proceeding, and provided that such personnel are regularly engaged in the provision of such services;

c. The Court and Court personnel, as well as court reporters and their employees;

d. Any mediator who is assigned to hear this matter, and their staff;

e. Interpreters and translators for the sole purpose of recording, transcribing or translating testimony or documents relating to this Proceeding;

f. Any person who prepared a particular document or thing, who is listed on the document as a sender, recipient, or carbon-copy recipient of the document, or who otherwise is or was eligible to have access to or knowledge of the Attorneys' Eyes Only Confidential Information disclosed in the particular document or thing in the regular course of business, but the disclosure of any Confidential Information shall be limited to the specific Confidential Information disclosed in the particular document or thing;

g. Any person to whom the Producing Party agrees the specific Attorneys' Eyes Only Confidential Information may be disclosed; and,

h.  Outside Experts, including experts who may testify at trial, jury consultants, along with outside support personnel employed by said Outside Experts (as required for, and in relation to, said Outside Expert's work in this Proceeding) who are not current employees of any of the Parties in the litigation and are in compliance with the requirements of this Protective Order.

18.  If counsel for the Receiving Party wish to disclose Confidential Information to the Persons described in Subparagraphs 16(c) [directors, officers, or employees of non-producing party], 16(d) [litigation support], 16(e) [experts], 16(g) [mediator], 16(h) [interpreters], or 16(k) [witnesses] above, counsel shall first obtain a signed Certification in the form of the annexed **Exhibit A**.  If counsel for the Receiving Party wish to disclose Attorneys' Eyes Only Confidential Information to the Persons described in Subparagraphs 17(b) [litigation support], 17(d) [mediator] 17(e) [interpreter], or 17(h) [experts] above, counsel shall first obtain a signed Certification in the form of the annexed **Exhibit A**.  With respect to Persons described in Subparagraphs 16(d) or 17(b), and 16(e) or 17(h), the Certification shall be signed by the company, firm, group, or solo practitioner retained by the Receiving Party, and a single Certification by the company, firm, group, or solo practitioner shall be sufficient to cover all employees or other individuals employed by the company, firm, or group.  Counsel for the Receiving Party disclosing Confidential Information shall retain the original or a copy of each such signed Certification.  Service or disclosure of the Certification to the Producing Party shall not be required.

19.  This Protective Order shall not limit a Party's examination, either at a deposition, hearing, or at trial, of persons who are not authorized to receive Confidential Information under

the terms of this Protective Order, regardless of whether the witness authored, received, or previously had access to or knowledge of that Confidential Information.

20.    Nothing shall prevent disclosure beyond the terms of this Protective Order if the Party designating the material as Confidential Information consents in writing or on the record in a deposition or hearing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

21.    Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

22.    Nothing in this Protective Order shall restrict any Party's Outside Litigation Counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, Outside Litigation Counsel shall not disclose any other Party's or Non-party's Confidential Information other than in a manner provided for in this Protective Order.

### III.    Challenging a Producing Party's Designation of Confidential Information

23.    A Party shall not be obligated to challenge the propriety of the designation (or re-designation) of Confidential Information at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  The acceptance of receipt by the Receiving Party of material designated as Confidential Information shall not constitute an admission or concession, or permit an inference that such material is, in fact, Confidential Information.  In the event that a Party disagrees at any time with a confidentiality designation made by a Party or Non-party, the following procedure shall be used:

a.  The Party seeking removal of a confidentiality designation shall serve the Producing Party written notice thereof (by e-mail), specifying by Bates number or line and page number for deposition the documents, things, or information for which such removal of the confidentiality designation is sought and the reasons for the request. The Producing Party shall have ten (10) court days after service of the notice within which to justify in writing why the confidentiality designation is appropriate and to object to its removal.  Notwithstanding anything else in this Protective Order, the Producing Party shall bear the sole burden of demonstrating that the material was properly designated as Confidential Information.

b.  If, after service of the objection and conferring in good faith, the Parties and/or Non-party cannot reach agreement concerning the matter, then the Receiving Party seeking the removal of protection for the designated Confidential Information may file a motion with the Court in accordance with the Court's Individual Rules & Practices in Civil Cases.  The designated material shall continue to be treated as Confidential Information until the issue is resolved by Order of this Court (or by agreement of the Producing Party and Receiving Party).  The Producing Party shall bear the sole burden of demonstrating that the material was properly designated as Confidential Information.

## IV.    Changing the Designation of Confidential Information

24.    Any Producing Party may change a designation to Confidential Information (or withdraw a designation) regarding any material that it has produced, provided, however, that such

change in designation shall be effective only as of the date of such change. Such change in designation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such change in designation (or withdrawal). Upon receipt of any such written change in designation, counsel of record shall: (i) not make any further disclosure or communication of such newly designated material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any material with the original designation of the effect of such a change in designation under this Protective Order; and (iii) promptly retrieve all copies and transcriptions of such originally designated material from any persons known to have possession of any such originally designated material who are not authorized to receive Confidential Information under this Protective Order to the extent practicable. Properly marked documents shall be promptly provided by the Producing Party of any such newly designated Confidential Information. Any Party that objects to the change in designation to Confidential Information shall follow the procedure set out in Paragraph 23.

25.    Under no circumstances shall a Party change or remove the designation of Confidential Information, or object to such change or removal, to vex or harass another Party or any individual.

26.    If Confidential Information is used inadvertently during depositions in contravention of other provisions of this Protective Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. If Confidential Information is inadvertently disclosed to a deposition witness, and the witness has testified substantively concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

27.     Each person who has access to Discovery Material that has been designated as Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the Receiving Party shall within two (2) court days of learning of such unauthorized disclosure inform the Producing Party of all pertinent facts relating to such disclosure.  The Receiving Party shall also use reasonable efforts to obtain the prompt return of any such Confidential Information and to bind each unauthorized person or party who received such information to the terms of this Protective Order by providing a copy of this Protective Order to such unauthorized person or Party and requesting such unauthorized person or Party to sign the Certification attached hereto as **Exhibit A**.  The requirements set forth in this Paragraph shall not prevent the Producing Party from applying to the Court for further or additional relief.

### V.     Production of Privileged Materials

28.     Pursuant to Federal Rule of Evidence 502, the production of attorney-client privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

29.     Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges ("Privileged Materials")

during discovery shall be without prejudice to any claim that such document or other information is privileged and/or protected, and no Party shall assert that the Producing Party has waived any rights by such inadvertent disclosure.  If the Producing Party claims in writing that Privileged Materials were inadvertently disclosed, the Receiving Party shall not challenge that representation, and without any (further) examination of the inadvertently disclosed materials, except as provided below, shall within five (5) business days of such notice do one of the following: either (1) return to Outside Litigation Counsel for the Producing Party any and all copies of the inadvertently produced Privileged Materials; (2) destroy the inadvertently produced Privileged Materials and certify such destruction to the Producing Party; or (3) sequester and not further use the materials except for the limited purpose described below.  The Receiving Party shall provide a certification of counsel that all such information has been returned, destroyed, or sequestered.  If the Receiving Party has already created attorney or expert work produced based on the materials, that work product may continue to be used and does not need to be returned, destroyed, or sequestered so long as the Receiving Party redacts therefrom any reference to the inadvertently produced Privileged Materials.

30.     Within five (5) business days of the notification that the inadvertently produced Privileged Materials have been returned, destroyed, or sequestered, the Producing Party shall produce a privilege log with respect to the inadvertently produced Privileged Materials.  If any of the information is unknown, the Producing Party shall affirmatively state as much in the privilege log.

31.     As with any information redacted or withheld, the Receiving Party may seek an order from the Court compelling production of the inadvertently produced Privileged Materials. The Receiving Party shall not assert as a ground for entering such an order the fact or

circumstances of the inadvertent production.  The Producing Party retains the burden of establishing the privileged or protected nature of any information.  Nothing in this Protective Order shall limit the right of any party to request an *in camera* review of the inadvertently produced Privileged Materials.  The Receiving Party may continue to use the inadvertently produced materials for the limited purpose of submitting the materials, under seal, for *in camera* review in the course of challenging the claim of privilege.

## VI.    Use of Confidential Information in Filings and in Open Court

32.    Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

33.    In the event that a Party wishes to use any Confidential Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, that Party shall file such document(s) under seal and/or in redacted form and file any motion requesting authorization to file such Confidential Information under seal consistent with this Court's Local Civil Rules and the Individual Rules and Practices in Civil Cases for the Honorable Margaret M. Garnett.[1]  If a Party is seeking to file a document under

---

[1] Specifically, the Parties need not file a motion unless required by this Court's Local Civil Rules or the Individual Rules and Practices in Civil Cases for the Honorable Margaret M. Garnett. Pursuant to Section I(D)(1) of the Individual Rules and Practices in Civil Cases for the Honorable Margaret M. Garnett, there are two categories of information that may be redacted from public court filings without prior permission from the Court: "sensitive information" and information requiring "caution." Parties should not include in their public filings, unless necessary, the five categories of "sensitive information" (i.e., social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the City and State]). Parties may also, without prior approval from the Court, redact from their public filings the six categories of information requiring "caution" described in the Southern District's ECF Privacy Policy (i.e., any personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government).

seal or in redacted form (the "Filer") on the grounds that another Party or Non-party has requested such sealing (the "Requester"), the Filer shall notify the Requester that the latter must file with the Court, within five business days from the filing of the sealed or redacted documents, a letter explaining the need to seal or redact the document(s).  Confidential Information may not be filed on the public docket without the consent of the Producing Party or order of the Court denying a request to file under seal.  The Parties will use their best efforts to minimize such sealing.  In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same (or, if necessary, a slipsheet indicating the Requester has not provided a redacted copy), via the Court's Electronic Case Filing system, that redacts only the Confidential Information itself, and not text that in no material way reveals the Confidential Information. Nothing in this Protective Order shall prevent a Party from using Confidential Information at a hearing or trial.  All Parties are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential Information. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.  A Producing Party may request that attendance at those portions of the hearing or trial in which Confidential Information is to be disclosed be restricted to court personnel and other appropriate persons, as provided in this Protective Order.  The Court in its discretion may enter further orders to control the conduct of hearings and trial as it relates to the use of Confidential Information.

### VII.    Disposition of Confidential Materials Upon Conclusion of This Proceeding

34.    Upon the conclusion of this Proceeding, all Confidential Information and any and all copies and transcriptions thereof, shall be destroyed or returned within ninety (90) calendar days to the Producing Party, provided, however, that Outside Litigation Counsel may retain all documents and things that contain or reflect their attorney work product (*e.g.*, notes, memoranda, drafts of pleadings, deposition summaries, document review summaries, documents reviewed in preparation for depositions, hearings, or trial whether introduced or not), all correspondence, all pleadings, all deposition transcripts, all expert reports, all hearing and trial exhibits, and all court-filed documents even though they contain Confidential Information, but such retained work product and documents shall remain subject to the terms of this Protective Order.  Notwithstanding the foregoing, a Receiving Party may keep copies of the Confidential Information pursuant to its records retention policy, professional, ethical, or regulatory requirements.

35.    At the written request of the Producing Party, any person or entity who has received the Producing Party's Confidential Information from the Receiving Party, including any recordings, notes, memoranda, summaries or other written materials (other than attorney work product retained by Outside Litigation Counsel pursuant to Paragraph 34), and all copies thereof, shall deliver, or have delivered by the Receiving Party, to the Producing Party written confirmation from that person confirming that reasonable efforts have been made to assure that all such materials have been destroyed or delivered in accordance with the terms of this Protective Order.

### VIII.    Personally Identifiable Information

36.    The parties, to the extent applicable to each such party, agree to comply with international, federal, state, and local legislation, rules, regulations, and governmental requirements relating to the privacy or security of PII, including for example, and without

limitation: the Regulation (EU) 2016/679, Directive 2002/58/EC, Directive 2009/136/EC, and UK GDPR (as amended and incorporated into UK law under the UK European Union (Withdrawal) Act 2018) ("GDPR"); the California Consumer Privacy Act ("CCPA"); and all other laws related to data protection, data security, privacy, or the processing of PII, in each case as amended, repealed, consolidated, or replaced from time to time (collectively, the "Data Protection Requirements"). Each Receiving Party agrees to act in good faith in connection with Producing Party's compliance with its obligations under the Data Production Requirements. For the avoidance of doubt, by signing this Protective Order no Party is agreeing to be bound by any Data Protection Requirements that it was not already subject to in the absence of this Protective Order.

37.    In the event a Receiving Party experiences a data breach that compromises or exposes PII received during this Proceeding, it shall immediately notify the Producing Party of the breach and cooperate with the Producing Party to address and remedy the breach.

38.    Nothing in this Protective Order shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

**IX.    Miscellaneous Provisions**

39.    Nothing in this Protective Order shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

40.    This Protective Order shall be binding upon the Parties to this Proceeding and signatories to the Certification, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers and employees.

41.     This Protective Order shall apply to all information and material produced in this Proceeding, including all previously produced information and material prior to the entry of this Protective Order by the Court.

42.     The Parties acknowledge and agree that if any Party hereto (including any signatory of **Exhibit A**) breaches, or threatens to commit a breach of, any of the provisions of this Protective Order, each Non-breaching Party shall have the right to ask the Court for the remedy, which remedy shall be in addition to and not in lieu of any other remedies available to the Non-breaching Party under law or in equity, to have the Protective Order specifically enforced (without posting any bond) including, without limitation, the right to an entry against the Breaching Party of restraining orders and injunctions (preliminary and permanent) against breaches, threatened or actual, it being agreed and acknowledged that, in the event of any such breach or threatened breach, the Breaching Party is not entitled to a presumption that money damages or legal remedies are sufficient or adequate to remedy such a breach.

43.     By written agreement of the Parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.

44.     This Protective Order shall continue in force until amended or superseded by express order of the Court.  This Protective Order shall survive termination of this Proceeding, including any final judgment, appeal, or settlement.

45.     Nothing in this Protective Order shall prejudice the right of any Party or Non-party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

46.     In the event that a new Party is added, substituted, or otherwise brought in to this Proceeding, this Protective Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from, or modification of, this Protective Order.

47.     The entry of this Protective Order does not prevent any Party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

48.     The Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**

Dated: November 14, 2024

/s/ Ariel N. Lavinbuk

Ariel N. Lavinbuk
Thomas T. Janover
Shikha Garg (*pro hac vice*)
Kramer Levin Naftalis & Frankel LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Tel: (202) 775-4500
Fax: (202) 775-4510

*Counsel for Plaintiff Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP*

/s/ Stephen J. Arena

Stephen J. Arena
Trachtenberg & Arena LLP
420 Lexington Avenue, Suite 2818
New York, New York 10170
Tel: (212) 972-1375
Fax: (212) 972-1376

*Counsel for Defendant Ethereal Tech Pte. Ltd.*

**SO ORDERED** this 15 day of ___November___ 2024:

_____

Hon. Margaret M. Garnett
United States District Judge

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

OLYMPUS PEAK TRADE CLAIMS
OPPORTUNITIES FUND I NON-ECI
MASTER LP,

        *Plaintiff*,

  v.

ETHEREAL TECH PTE. LTD.,

        *Defendant.*

Case No. 24-cv-03160 (MMG)

## CERTIFICATION REGARDING PROTECTIVE ORDER

I, _____ , declare:

1.    I have received a copy of the Protective Order in the civil action captioned *Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP v. Ethereal Tech Pte. Ltd.*, No. 24-cv-03160.  I declare under penalty of perjury that I have read and understand its provisions.  I consent to the jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of enforcing the Protective Order, even if such enforcement proceedings occur after termination of this action.

2.    I agree to comply with and be bound by all provisions of the Protective Order.  I will hold in confidence, will not disclose in any manner any information or item that is subject to this Protective Order to anyone other than those persons specifically authorized by the Protective Order, and will use only for purposes of this Proceeding, any information, documents or things designated as containing Confidential Information, or stamped with the legend "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including all information derived from any of the above mentioned items as specified in Paragraph 8 of the

Protective Order, except as allowed in accordance with the Protective Order.  I will take reasonable steps to restrict access to any Confidential Information to only those persons authorized by the Protective Order to have such access.

3.      I agree to protect and keep confidential all Personally Identifiable Information ("PII") that I receive during this Proceeding as required by Heading VIII of the Protective Order.

4.      I will return or destroy all materials containing Confidential Information or PII that come into my possession as required pursuant to the Protective Order, when requested to do so.

5.      I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that any or all of the parties or third-parties that designate information pursuant to the Protective Order may assert other remedies against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Proceeding, even if such enforcement proceedings occur after termination of this action.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: _____          Printed Name: _____

                                       Company Name: _____

                                       Title: _____

                                       Signature: _____